## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DOUGLAS C. MYERS,

   Plaintiff,

   v.

MICKEY J. NORMAN,
   *Associate Judge, Balt. Co. Cir. Ct.,*
KEITH R. TRUFFER,
   *Associate Judge, Balt. Co. Cir. Ct.,*
RONALD B. KATZ,
   *Substitute Trustee,*
CFG COMMUNITY BANK,
THE ESTATE OF FREDERICK BURGESEN,
   *Michelle Y. Burgensen, Personal Rep.,*
TIMOTHY KIRK NICKOLES,
JENNIFER MARIE NICKOLES,
LESLIE A. BASS,

   Defendants.

Civil Action No.:  ELH-20-248

## MEMORANDUM

    This case concerns foreclosure proceedings pertaining to real property located on Emory Chapel Road in Upperco, Maryland (the "Property").  The self-represented plaintiff, Douglas Myers, has filed suit against a host of defendants, alleging claims that arise from the foreclosure. ECF 1.  He also appended an exhibit to the suit.  ECF 1-1.  A few weeks after suit was initiated, Myers filed an Amended Complaint, which, among other things, added an additional defendant. ECF 2.  For the reasons set forth below, the suit, as amended, must be dismissed.

    The Amended Complaint (ECF 2), filed pursuant to 42 U.S.C. § 1983, names as defendants Baltimore County Circuit Court Judges Mickey Norman and Keith Truffer; Ronald Katz, individually and as substitute Trustee; CFG Community Bank (the "Bank"); The Estate of

Frederick Burgesen; Michelle Burgesen, as Personal Representative of the Estate; Timothy and Jennifer Nickoles; and Leslie Bass.

As to Judge Norman, plaintiff assets a claim under 42 U.S.C. § 1983, alleging a violation of due process under the Fifth and Fourteenth Amendments to the Constitution (Count I).   He asserts a similar claim against Judge Truffer (Count II).   In Count III, plaintiff asserts a claim of fraud upon the court, alleged against Katz; Count IV, against the Bank, alleges claims of breach of contract, wrongful foreclosure, and fraud upon the court.   Plaintiff also alleges a claim against Frederick Burgesen for declaratory relief and for destruction of property (Count V), and asserts similar claims against Timothy and Jennifer Nickoles (Count VI) and Leslie Bass (Count VII).

As to Judge Norman, plaintiff seeks declaratory relief to remedy alleged due process violations with respect to an order issued in 2011 by Judge Norman, ratifying the foreclosure sale as to the Property.   And, his claims against Judge Truffer pertain to an order issued by him in 2018, dismissing Myers's suit.   *Id.* ¶ 6.

For the reasons that follow, I shall dismiss the suit.

## I.   Background

Myers's suit sets out a lengthy history of his acquisition of fee simple title to the Property, beginning in 1981, and subsequent transfers of title and other legal actions concerning the Property, culminating in the 2011 foreclosure sale of the Property.   ECF 2 at 3-11.   Myers challenged the foreclosure in the Circuit Court for Baltimore County and via multiple appeals to the Maryland Court of Special Appeals.   *Id.* ¶¶ 56, 57.   In an opinion dated June 4, 2013, the Maryland intermediate appellate court affirmed the lower court's actions, allowing the sale of the Property.   *Id.* ¶¶ 58-60.

Nevertheless, Myers continued his legal challenges to the sale in the Circuit Court for Baltimore County. He also challenged the foreclosure in this court. *See Myers v. CFG Community Bank*, Civil Action CCB-16-3098 (D. Md. 2016) at ECF 2 (dismissing complaint for lack of jurisdiction); *Myers v. CFG Community Bank*, Civ. Action ELH-16-3220 (D. Md. 2016) at ECF 3 (dismissing suit for lack of jurisdiction and on res judicata grounds); *Myers v. Vetter*, Civil Action ELH-17-149 (D. Md. 2017) at ECF 6 & 7 (affirming decision of bankruptcy court).[1]

The underlying facts of Myers's claims before Judge Blake were summarized by Judge Blake in CCB-16-3098, ECF 2 at 1-3, as follows:

> On May 17, 2006, Myers executed a promissory note in the amount of $800,000 with AmericasBANK (AB) for the two properties. On January 30, 2008, Ronald B. Katz, Substitute Trustee, filed a foreclosure action on behalf of AB. (*Id*. 1–2).
>
> In February 2008, AB proposed loan modification and termination of the foreclosure action if Myers provided additional security from Mt. Oak Estates, LLC. On March 4, 2009, Myers and AB entered into a deed of trust modification agreement and a loan modification agreement; the latter cured the default and reinstated the loan under modified terms and conditions. The loan modification agreement mentions the foreclosure action. The deed of trust modification agreement, which does not reference the foreclosure action, was recorded in Baltimore County land records. (*Id*. 2). According to Myers, these documents supersede the original note and deed of trust on the properties. The assets of AB, including the note, were acquired by CFG Community Bank in November of 2009. (*Id*. 3).
>
> On August 16, 2010, Myers filed a Chapter 13 Voluntary Petition in U.S. Bankruptcy Court. Case No. 10-28695 (Bankr. Md.). In that petition, Myers noted that his mailing address was 5732 Emory Road, Upperco, Md., 21155. (Compl. 3; Exhibit C, ECF No. 1-4). On August 19, 2010, the Bankruptcy Court mailed the Notice of Meeting of Creditors to 5734 Emory Road, which is not the mailing address disclosed on the Voluntary Petition. Myers claims he did not receive it. On November 1, 2011, the Bankruptcy Court entered an order dismissing the case for failure to attend the meeting of creditors and lifting the automatic stay. This order was also mailed to the wrong address. (Compl. 3–4; Exhibit D, ECF No. 1-5).

---

[1] The Clerk is directed to note these civil actions as related matters on the docket of this case.

Myers filed a timely motion to reconsider, stating that he did not receive the notice due to the error and noting a new address: P.O. Box 295, Owings Mills, Md., 21117. (Compl. 3; Exhibit E, ECF No. 1-6). The Bankruptcy Court ordered Myers to file an amended motion to reconsider, (compl. 3–4), which he subsequently did, (*id*. 4; Exhibit F, ECF No. 1-7). On January 31, 2011, the Bankruptcy Court entered an amended order dismissing the case with prejudice. According to the amended order, Myers "is a serial filer who has abused the bankruptcy process." Reconsideration was denied, and Myers was barred from filing a new case in bankruptcy for a period of 365 days. (Exhibit G, ECF No. 1-8). Myers claims he did not receive notice of a subsequent order denying reconsideration because it was not sent to his proper address. (Compl. 5; Exhibit H, ECF No. 1-9).

On February 23, 2011, the properties were sold at a foreclosure sale. (Compl. 5). Myers claims that, at the time of that sale, the property at 5800 Emory Road was still encumbered by the deed of trust that had been assigned to CFG, and the individual who purchased the properties at the foreclosure sale was not a bona fide purchaser.

The state docket reveals that Myers has filed several unsuccessful motions in the foreclosure action seeking to alter or amend judgment. On April 8, 2016, the Court of Special Appeals of Maryland affirmed the judgment of the Circuit Court of Baltimore County. On May 26, 2016, the Court of Appeals of Maryland denied Myers' certiorari request.

In an Order of September 16, 2016 (ECF 3), Judge Blake dismissed the suit, without prejudice, for lack of jurisdiction.

In the time that elapsed between Myers's last civil action in this court and the date he filed the instant suit on January 28, 2020 (ECF 1), he returned to the Circuit Court for Baltimore County.  Myers claimed that the foreclosure sale should be set aside due to "issues of extrinsic fraud, mistake and irregularity, along with the due process violations, and actual fraud, perpetrated by Katz," and he sought to have the "final judgment of Ratification of Sale" declared "null and void and of no legal force and effect."  ECF 2 at 14.

On May 23, 2018, Judge Truffer dismissed the claim on the grounds of res judicata.  *Id*. Thereafter, Myers filed an appeal and, on July 1, 2019, the Maryland Court of Special Appeals

affirmed Judge Truffer's dismissal of Myers's action. *Id.*  Plaintiff's petition for writ of certiorari was denied by the Court of Appeals on October 21, 2019. *Id.*

Myers states that on November 14, 2019, Frederick Burgesen conveyed 13.474 acres of the Property to Timothy and Jennifer Nickoles. ECF 2 at 15, ¶ 78.  Frederick Burgesen died on December 4, 2019. *Id.* at ¶ 79.  Michelle Y. Burgesen, the Personal Representative of the Estate of Mr. Burgesen, conveyed the remainder of the Property to Leslie A. Bass. *Id.* ¶ 82.  Myers has sued all of these individuals in this case, presumably because of their interests in the Property, but he raises no specific allegation of wrongdoing against any of these individuals.

## II. Discussion

This court's prior analysis of Myers's claims remains applicable to the instant suit: this court lacks jurisdiction over the claims, and the claims are barred by the principles of res judicata. *See Myers*, Civ. Action ELH-16-3220 ("2016 Suit"), at ECF 3.

In the 2016 suit, this court observed that Myers's attack on the 2011 Maryland foreclosure action and subsequent sale of the Property, which were brought under Maryland law, generally do not give rise to federal question subject matter jurisdiction. *Id.* at 5.  The addition of a due process claim did not change the analysis. *See id.* (citing *Smith v. Nationstar Mortgage, LLC*, 2015 WL 9581802, at *4 (D. Md. Dec. 29, 2015)) (dismissing case challenging foreclosure proceeding for lack of subject matter jurisdiction despite due process claim); *El v. Holland*, 2012 WL 2394830, at *1-2 (W.D. N.C. June 25, 2012) (same, where plaintiff claimed wrongful eviction without due process).  This court also observed: "The alleged due process violation here is insufficient to establish jurisdiction." 2016 Suit, ECF 3 at 5 (citing *Cf. Bell v. Hood*, 327 U.S. 678, 682-3 (1946)) (noting that a suit "may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution . . . clearly appears to be immaterial and made

solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous").

Because Myers has asserted the claims raised here in two previous lawsuits, the claims are barred by res judicata. As this court explained in the 2016 Suit, ECF 3 at 6-7:

> *Res judicata*, or claim preclusion, is a judicial doctrine by which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *see Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). The doctrine precludes parties from "contesting matters that they have had a full and fair opportunity to litigate," thereby conserving judicial resources and minimizing the possibility of inconsistent decisions. *Montana*, 440 U.S. at 153–54.

> The doctrine of res judicata was "designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" *Laurel Sand & Gravel, Inc.*, 519 F.3d at 161-62 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Res judicata also extends to claims that could have been asserted and litigated in the original suit. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).

> The applicable law for purposes of claim preclusion in federal court is the law of the tribunal in which the prior judgment was entered. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); accord *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). The Fourth Circuit has said: "Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162; accord *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011) (per curiam).

> The doctrine applies when the following three elements are present: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits." *Clodfelter*, 720 F.3d at 210 (citation and quotation marks omitted); *see Weiner v. Fort*, 197 F. App'x 261, 264 (4th Cir. 2006); *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) ("claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding");

*Young–Henderson v. Spartanberg Area Mental Health Ctr.,* 945 F.2d 770, 773
(4th Cir. 1991) (quoting *Nash Cty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484,
486 (4th Cir. 1981)).

As indicated in the 2016 suit, ECF 3, Maryland law is pertinent here.  Under Maryland

law, res judicata bars claims where "'(1) the parties in the present litigation are the same or in

privity with the parties to the earlier litigation; (2) the claim presented in the current action is

identical to that determined or that which could have been raised and determined in the prior

litigation; and (3) there was a final judgment on the merits in the prior litigation.'" *Cochran v.*

*Griffith Energy Servs., Inc.*, 426 Md. 134, 140, 43 A.3d 999, 1002 (2012) (citation omitted);

*accord Powell v. Breslin*, 430 Md. 52, 63-64, 59 A.3d 531, 538 (2013).  This three-prong test

tracks the principles that federal courts apply to evaluate the preclusive effect of a prior federal

court judgment.  *See Anne Arundel Cty. Bd. of Educ. v. Norville*, 390 Md. 93, 108, 887 A.2d

1029, 1037 (2005) ("The elements of res judicata under federal law are analogous to those under

Maryland law[.]"); *see also SAS Inst., Inc. v. World Programming Ltd.*, 847 F.3d 370, 378 (4th

Cir. 2017) (describing federal res judicata test); *Providence Hall Assoc. Ltd. P'shp v. Wells*

*Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016); *Clodfelter v. Republic of Sudan,* 720 F.3d

199, 210 (4th Cir. 2013).

Applied here, res judicata bars plaintiff from litigating this suit.  One of the parties is the

same.  And, a plaintiff cannot skirt the doctrine of claim preclusion simply by adding additional

defendants to his suit.  *See Abunaw v. Campos*, PWG-16-3705, 2018 WL 453523, at *3 (D. Md.

Jan. 17, 2018); *Csabai v. Martek Biosciences Corp.*, No. CCB-11-316, 2011 WL 1831777, at *3

(D. Md. May 12, 2011).

The second element is likewise satisfied.  To determine whether a cause of action is

"identical" for the purposes of res judicata, the Fourth Circuit and Maryland both apply a

"transactional" approach. *See Schwartz v. J.J.F. Mgmt. Serv., Inc.*, 922 F.3d 558, 566 (4th Cir. 2019); *SAS Inst.*, 874 F.3d at 378-79; *Clodfellter*, 720 F.3d at 210; *Norville*, 390 Md. at 108-09, 887 A.2d at 1037; *Kent Cty Bd. of Educ. v. Bilbrough*, 309 Md. 487, 499-500, 525 A.2d 232, 238 (1987). The transaction test provides that a claim is identical if it "'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment'" and "'the claims could have been brought in the earlier action.'" *SAS Inst.*, 874 F.3d at 378-79 (quoting *Laurel Sand & Gravel*, 519 F.3d at 162); *see also Norville*, 390 Md. at 108-09, 887 A.2d at 1037; RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) cmt. c (1982). Put simply, the suits are identical where the claims asserted in both actions are based upon the same set of facts such that, ordinarily, one would expect them to be litigated simultaneously. *See Norville*, 390 Md. at 108-09, 887 A.2d at 1037.

Myers's addition of new parties and claims in the current suit does not change the analysis that the suit must be dismissed in its entirety. Myers apparently has included claims against the Estate of Frederick Bergesen and his personal representative, as well as Leslie Bass and Timothy and Jennifer Nickoles, because of their acquisition of title to the Property that Myers has persistently claimed is rightfully his. Any claim Myers may assert against these defendants arises "out of the same transaction or series of connected transactions that gave rise to the claim in the first action." *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986). And, that case resulted in a final judgment.

Myers's claim against these defendants is founded on his beliefs that he has superior rights to the Property, they should relinquish title, and they should reimburse him for damage to the Property. ECF 2 at 26-27. Such contentions are clearly based on Myers's challenges to the

legality of the foreclosure proceedings. Therefore, the claims against the new defendants are also barred by principles of res judicata.

In addition, the Complaint, even when construed liberally, does not state a viable claim upon which relief may be granted. This court does not have jurisdiction to require a state court or agency to take action or refrain from an action. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969) (federal courts do not have jurisdiction to issue a writ of mandamus commanding a State court to entertain a motion).

Moreover, the claims against the two State judges are barred by absolute judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

Judicial immunity is an absolute immunity. It does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). And, an act is still judicial, and immunity applies, even if the judge commits "grave procedural errors." *Stump v. Sparkman,* 435 U.S. 349, 359 (1978). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010).

In light of the fact that this is plaintiff's third complaint concerning the same matters that have been litigated repeatedly in the Maryland state courts and in this court, and the fact that Myers is undoubtedly aware that his claims are barred, he is forewarned that continued advancement of claims in this court that have already been finally adjudicated could result in appropriate limitations on his access to this court. *See Cromer v. Kraft Foods No. Am., Inc.,* 390 F.3d 812, 814 (4th Cir. 2004) (recognizing the federal courts' authority to limit access to the courts by vexatious and repetitive litigants).

A separate Order follows.

May 15, 2020                                   _____/s/_____
Date                                          Ellen L. Hollander
                                              United States District Judge